**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
**In re:**

**MARIE JEROME,**

**Chapter 7**

**Debtor.**

**Case No.: 15-43190-nhl**

---------------------------------------------------------------
**ROSELAIN DUCLAIR,**

**Plaintiff,**

**v.**

**MARIE JEROME,**

**Defemdant.**
---------------------------------------------------------------X

**COMPLAINT OBJECTION TO DISCHARGEABILITY**
**<u>PURSUANT TO 11 U.S.C. 523 (a)(6)</u>**

Plaintiff, Roselain Duclair ("Plaintiff"), by her attorney Jonathan Strauss, as and for their Complaint, allege as follows:

**PARTIES**

Plaintiff resides in Kings County, State of New York.

Upon information and belief, Debtor Marie Jerome, resides at 1122 Ocean Avenue, Brooklyn, New York 11230.

**JURISDICTION**

Jurisdiction is premised on 28 U.S.C. § 1334. Consideration of this adversary proceeding is a core proceeding pursuant to 28 U.S.C. 157. Venue is proper because it

is geographically where the parties reside, where the incident arose and where the judgment was obtained.

## GENERAL BACKGROUND

On March 22nd 2007, Roselain Duclair was arrested by the NYC Police at the insistence and request of the debtor, Marie Jerome. After a full trial before the Honorable Alexander Jeong, a Justice of the Criminal Court of The City of New York, Kings County, Ms Duclair was acquitted of all of the charges. Nevertheless, the Debtor, Marie Jerome initiated a Civil Lawsuit against Plaintiff Roslain Duclair in May of 2009. Plaintiff, Roselain Duclair counter-claimed for False Imprisonment, False Arrest, Malicious Prosecution, Intentional Infliction of Severe Emotional Distress along with Punitive Damages and was awarded $302,315, by a jury after trial including costs and interest.

## FACTUAL ALLEGATIONS

That all times mentioned herein, the defendant, Roselain Duclair, was a person arrested by the New York City Police Department at the direction, urging and insistence of the Debtor, Marie Rosette Jerome.

1. That the Plaintiff, Roselain Duclair, prior to the incident as elaborated herein, had never been previously arrested.

2. On March 22nd, 2007, at approximately 2:50 PM, the Plaintiff, Roselain Duclair was lawfully present inside the 67th Precinct, Brooklyn, New York, where she was arrested at the specific request of the Debtor, Marie Rosette Jerome.

3. On August 19th, 2008, after a full trial before the Honorable Alex Jeong, in the Criminal Court of Kings County, the Plaintiff, Roselain Duclair, was acquitted of all of the charges levied against her.

**AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE IMPRISONMENT**

4. Paragraphs 1 through 4 are fully incorporated by reference herein.

5. On March 22nd, 2007, at approximately 2:50 PM, New York City police officers arrested defendant, Roselain Duclair, at the direction, urging and insistence of the Debtor, Marie Rosette Jerome, and restrained her of her liberty until she was discharged as hereafter set forth.

6. The Debtor's actions of falsely informing the New York City police officers, directly led to an unreasonable and without probable cause arrest of the Plaintiff, Roselain Duclair , and physically restrained her against her will.

7. Such arrest was made without warrant or other legal process and was unlawful, in that no crime had been committed and in that there was no reason or cause for belief that plaintiff, Roselain Duclair, had committed any crime.

8. That at all times mentioned herein the debtor was fully aware that Roselain Duclair had committed no crime.

9. Despite the debtor being fully aware that Roselain Duclair had committed no crime, Marie Rosette Jerome urged and insisted that the Plaintiff, Roselain Duclair, be arrested.

10. In doing all the aforementioned acts and deeds, the Debtor acted wilfully, maliciously, and without just cause.

11. After having been arrested as aforesaid, plaintiff, Roselain Duclair, was jailed and restrained of her liberty for approximately one day until she was produced before a Judge and released on her own recognizance.

12. While under arrest and deprived of her liberty as a consequence thereof , Roselain Duclair was detained at the 67th precinct, a police station, imprisoned and "booked", that is to say her pedigree information was entered on the police records according to the police practice on the arrest of criminals.

13. Prior to said arrest Roselain Duclair had enjoyed a good reputation in and about the City of New York and surrounding community.

14. As a result of plaintiff's actions, Roselain Duclair was imprisoned, greatly humiliated and subject to mental and bodily distress, and prevented from conducting business that earns her livelihood and salary and compelled to hire an attorney to represent her.

**AS AND FOR A SECOND CAUSE OF ACTION FOR FALSE ARREST**

15. Paragraphs 1 through 15 are fully incorporated by reference herein.

16. That on or about March 22nd, 2007 at approximately 2:50 P.M. inside the 67th Precinct, Brooklyn, New York, Roselain Duclair was unreasonably seized, detained, and arrested by the New York Police Department, at the urging and insistence of the debtor without just probable cause and knowing full well that Roselain Duclair, had committed no crime.

17. Such arrest was made without warrant or other legal process and was unlawful, in that no crime had been committed and in that there was no reason or cause for belief that Roselain Duclair, had committed any crime.

18. Such arrest was done in the presence of and/or witnessed by Roselain Duclair co-workers and friends.

19. That as a direct and proximate result of the aforementioned actions, Roselain Duclair, was deprived of her freedom by the debtor.

20. That the conduct of the debtor as described herein, deprived Roselain Duclair, of her rights to freedom of speech, freedom from unreasonable search and seizure, freedom from arrest without probable cause, freedom from cruel, unusual and inhuman treatment and in violation of due process of law. All of these rights being secured to Roselain Duclair by provisions of the Constitution of the State of New York.

21. That the conduct of the debtor as described herein, deprived Roselain Duclair of her rights to be free from, infliction of extreme emotional

distress and negligence as a detainee. All of these rights are secured to Roselain Duclair by provisions of the laws of the State of New York.

22. That as a direct result of the debtor's actions, Roselain Duclair was humiliated in that her "fingerprints" and pedigree information were taken by New York City Police Officers and her "mug" shots were entered into the police "mug" books during the "booking" procedure employed by the New York City Police Department.

23. Prior to said arrest Roselain Duclair had enjoyed a good reputation in the community.

24. As a result of all acts and complaints aforesaid, Roselain Duclair, was arrested, imprisoned, greatly humiliated and subject to mental and bodily distress, and prevented from conducting business from which she earns her livelihood and salary and was compelled to hire an attorney to represent her.

**AS AND FOR THE THIRD CAUSE OF ACTION FOR MALICIOUS PROSECUTION**

25. Paragraphs 1 through 25 are fully incorporated by reference herein.

26. On March 22nd, 2007, the debtor maliciously and without cause therefore, caused Roselain Duclair to be arrested, charging her with the crime of unlawful imprisonment in the second degree.

27. Roselain Duclair, was arraigned on March 23rd, 2007, in the Criminal Court of the City of New York, Kings County, in Part AR1, with retained counsel.

28. Roselain Duclair was released on her own recognizance and ordered to return to Court in Part AP5 on May 29th, 2007, with retained counsel.

29. Roselain Duclair returned to court on May 29th, 2007, and because of the debtor's conduct as set forth herein was required to make thirteen more separate and distinct court appearances, all on different dates, accompanied by retained. counsel.

30. On August 19th, 2008, after a full trial before the Honorable Alex Jeong, in the Criminal Court of Kings County, the plaintiff, Roselain Duclair, was acquitted of all of the charges levied against her.

31. By reason of the above malicious prosecution by the debtor, Roselain Duclair was subjected to; great indignity and humiliation, pain and distress of mind and body, she was prevented from attending her usual business, and was subjected to great expense in the procurement and services of legal counsel in his defense upon these baseless charges, and was injured in his good name and reputation in his community.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS**

32. Paragraphs 1 through 31 are fully incorporated by reference herein.

33. That the Debtor's actions of intentionally having Roselain Duclair arrested, resulted in her being handcuffed and then enduring the degradation and humiliation of said arrest.

34. Said arrest consisted of Roselain Duclair being detained and jailed in front of her family and friends and placed inside a jail cell with other prisoners which has resulted in her suffering mental anguish and severe emotional distress.

35. That as a result of the debtor's actions Roselain Duclair has suffered severe emotional distress.

36. That the debtor's actions of having Roselain Duclair falsely arrested, falsely imprisoned and maliciously prosecuted has resulted in her suffering severe emotional distress.

37. As a direct result of debtors's actions as set forth herein, Roselain Duclair has developed sleeping disorders, lack of concentration, which inhibits her work performance, along with other mental and emotional distress.

**PUNITIVE DAMAGES**

38. Paragraphs 1 through 38 are fully incorporated by reference herein.

39. The debtor's outrageous and egregious conduct as set forth herein, also asks for punitive damages against the debtor along with such other costs as this Court deems just and proper.

**CLAIM FOR RELIEF**

40. Paragraphs 1 through 39 are fully incorporated by reference herein.

41. Plaintiff is entitled to a determination that the Judgment for the above mentioned action of the debtor is non- dischargeable pursuant to 11 U.S.C 523(a)(6) as being a debt relating to "willful and malicious

injury" by the debtor. The Fact that punative damages were awarded along with the other intentional torts which the debtor was found liable for clearly fulfills the requirements as set forth in 11 U.S.C 523(a)(6).

42. By reason of Jerome's failure to pay the judgment, plaintiff has been damaged in the amount of $302,315 with interest from February 28th, 2012.

WHEREFORE, the Court should grant judgment in favor of the Plaintiff as follows:

(A) Determination that the Judgment is non-dischargeable pursuant to 11 U.S.C. 523(a)(6);

(B) Judgment against Marie Jerome in the amount of $302,315 plus interest from February 28th, 2012;

(C) together with such other relief as this Court deems appropriate under the circumstances.

Dated: New York, New York
August 17, 2015

_____/S/__________________

Jonathan Strauss (JS 4724)
Attorney for Plaintiff
233 Broadway, Suite 900
New York, NY 10279
(212) 792-7948

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Complaint Objecting to Dischargeability was served via first class mail upon the Debtor, Marie Jerome located at 1122 Ocean Avenue, Apt 4D Brooklyn, N.Y. 11230 and on the Bankruptcy Trustee, David Doyaga, located at 26 Court Street, Suite 1002, Brooklyn, NY 11242 on the 17th, day of August, 2015.

/s/

**LAW OFFICE OF JONATHAN STRAUSS**
By: Jonathan B. Strauss
233 Broadway, Suite 900
New York, New York 10279
(212) 792-7948