PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Michael P. Kessler (*pro hac vice pending*)
Scott K. Rutsky
Timothy Q. Karcher

*Attorneys for Defendant, Marie Jerome*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* <br> MARIE JEROME <br>                           Debtor. | Chapter 7 <br><br> Case No. 15-43190-NHL |
| ROSELAIN DUCLAIR, <br>                           Plaintiff, <br> -against- <br> MARIE JEROME, <br>                           Defendant. | Adv. Proc. No. 15-01129-NHL |

**ANSWER OF MARIE JEROME TO THE COMPLAINT
OBJECTION TO DISCHARGEABILITY PURSUANT TO 11 U.S.C. 523(a)(6)**

To the Honorable Nancy H. Lord, United States Bankruptcy Judge:

      Marie Jerome, defendant and chapter 7 debtor ("Defendant"), for her answer to the complaint in the above captioned action, avers as follows:

**PARTIES**

      Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence under the heading "Parties" in the Complaint. Admit the allegations set forth in the second sentence under the heading "Parties" in the Complaint.

## JURISDICTION

Admit the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and venue is proper. Deny this is a core proceeding pursuant to 28 U.S.C. § 157 to the extent Plaintiff seeks, in this adversary proceeding, compensatory, punitive and/or other monetary damages from Defendant, including, without limitation, damages alleged in paragraphs 38, 39 and 42 of the Complaint and paragraph (B) of the prayer for relief. To the extent this proceeding is non-core, Defendant consents to entry of final orders or judgment by the Court in this adversary proceeding. Admit this is a core proceeding to the extent Plaintiff seeks a determination regarding the non-dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6).

## GENERAL BACKGROUND

Admit the following:

- On March 22, 2007, Plaintiff was arrested by the New York City police department;
- Following a trial before the Honorable Alexander Jeong, a Justice of the Criminal Court of the City of New York, Kings County, Plaintiff was acquitted;
- Defendant initiated a civil lawsuit against Plaintiff in May 2009;
- Plaintiff asserted counter-claims in the civil lawsuit; and
- Judgment in the civil lawsuit was entered in favor of Plaintiff in the amount of $300,000.00 plus interest and costs, for the sum of $302,315.15.

Deny all other allegations in the "General Background" section of the Complaint.

## FACTUAL ALLEGATIONS

Admit Plaintiff was arrested by the New York City police department, and deny all other allegations in the first (unnumbered) sentence under the heading "Factual Allegations" in the

Complaint.

1. Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Admit that on March 22, 2007, Plaintiff was arrested at the 67th Precinct, and deny all other allegations set forth in paragraph 2 of the Complaint.

3. Admit the allegations set forth in paragraph 3 of the Complaint.

### FIRST CAUSE OF ACTION

4. Repeat and reallege the responses contained in paragraphs 1-3 as if more fully set forth herein.

5. Admit that on March 22, 2007, New York City police officers arrested Plaintiff, and deny all other allegations set forth in paragraph 5 of the Complaint.

6. Deny the allegations set forth in paragraph 6 of the Complaint.

7. Deny the allegations set forth in paragraph 7 of the Complaint.

8. Deny the allegations set forth in paragraph 8 of the Complaint.

9. Deny the allegations set forth in paragraph 9 of the Complaint.

10. Deny the allegations set forth in paragraph 10 of the Complaint.

11. Admit that Plaintiff was arrested and was subsequently released, and deny all other allegations set forth in paragraph 11 of the Complaint.

12. Admit Plaintiff was arrested at the 67th Precinct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint.

13. Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Deny the allegations set forth in paragraph 14 of the Complaint.

## SECOND CAUSE OF ACTION

15. Repeat and reallege the responses contained in paragraphs 1-14 as if more fully set forth herein.

16. Admit that on or about March 22, 2007, Plaintiff was arrested by the New York police department at the 67th Precinct, and deny all other allegations set forth in paragraph 16 of the Complaint.

17. Deny the allegations set forth in paragraph 17 of the Complaint.

18. Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

21. Deny the allegations set forth in paragraph 21 of the Complaint.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Deny the allegations set forth in paragraph 24 of the Complaint.

## THIRD CAUSE OF ACTION

25. Repeat and reallege the responses contained in paragraphs 1-24 as if more fully set forth herein.

26. Deny the allegations set forth in paragraph 26 of the Complaint.

27. Admit Plaintiff was arraigned, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the

Complaint.

28. Admit Plaintiff was released, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28 of the Complaint.

29. Lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Admit the allegations set forth in paragraph 30 of the Complaint.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

### FOURTH CAUSE OF ACTION

32. Repeat and reallege the responses contained in paragraphs 1-31 as if more fully set forth herein.

33. Deny the allegations set forth in paragraph 33 of the Complaint.

34. Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

36. Deny the allegations set forth in paragraph 36 of the Complaint.

37. Deny the allegations set forth in paragraph 37 of the Complaint.

### PUNITIVE DAMAGES

38. Repeat and reallege the responses contained in paragraphs 1-37 as if more fully set forth herein.

39. Deny the allegations set forth in paragraph 39 of the Complaint.

### CLAIM FOR RELIEF

40. Repeat and reallege the responses contained in paragraphs 1-39 as if more fully

set forth herein.

41. Paragraph 41 of the Complaint states a legal conclusion to which Defendant asserts no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. Deny the allegations set forth in paragraph 42 of the Complaint.

## AS AND FOR DEBTOR'S AFFIRMATIVE DEFENSES

43. Plaintiff has failed to state a claim upon which relief can be granted.

44. Defendant did not possess the requisite intent required to except Plaintiff's claim from discharge pursuant to section 523(a)(6) of the Bankruptcy Code.

45. Plaintiff has unclean hands which bars the relief sought by Plaintiff.

46. To the extent Plaintiff seeks, in this adversary proceeding, compensatory, punitive, and/or other monetary damage claims:

   a. Plaintiff's claims are barred by the doctrine of collateral estoppel, estoppel by judgment, and any other applicable doctrines of estoppel.

   b. Plaintiff's claims are barred by the statute of limitations.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE Defendant respectfully requests that the Court enter judgment in its favor, as follows:

A. Finding that Plaintiff's claims (i) are not excepted from discharge pursuant to section 523(a)(6) of the Bankruptcy Code, and (ii) are discharged;

B. Denying any and all other relief sought by Plaintiff; and

C. Granting Defendant such other relief as this Court deems just and proper.

Dated: October 2, 2015
New York, New York

**PROSKAUER ROSE LLP**

By: /s/ Scott K. Rutsky
Michael P. Kessler (*pro hac vice pending*)
Scott K. Rutsky
Timothy Q. Karcher
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for Defendant, Marie Jerome*