PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Michael P. Kessler (*admitted pro hac vice*)
Scott K. Rutsky
Timothy Q. Karcher

*Pro Bono Attorneys for Defendant, Marie Jerome*

**HEARING DATE AND TIME:**
February 9, 2016 at 3:00 p.m. (ET)

**OBJECTION DEADLINE:**
February 2, 2016

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| *In re* | ) | Chapter 7 |
| MARIE JEROME | ) | |
| Debtor. | ) | Case No. 15-43190-NHL |
|  | ) | |
| ROSELAIN DUCLAIR, | ) | Adv. Proc. No. 15-01129-NHL |
|  | ) | |
| Plaintiff, | ) | |
| -against- | ) | |
| MARIE JEROME, | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

To the Honorable Nancy H. Lord, United States Bankruptcy Judge:

Marie Jerome, defendant and chapter 7 debtor ("Defendant"), respectfully submits (i) this response in opposition (the "Objection") to the above-captioned plaintiff's *Motion for Summary Judgment* [ECF No. 11] (the "Motion"), and (ii) cross-motion seeking summary judgment in favor of Defendant (the "Cross-Motion"). In support of the Objection and Cross-Motion, Defendant respectfully represents as follows:

## **Preliminary Statement**

1.      Plaintiff's Motion should be denied and summary judgment should be entered in Defendant's favor.  First, the Motion is fatally defective because Plaintiff has failed to include a statement of undisputed material facts as required by the applicable rules and fails to cite to any relevant evidence to support the Motion.  Plaintiff's Motion relies solely on (i) her adversary complaint—which, as relevant to this nondischargeability action, includes allegations Defendant clearly disputes in her answer to the complaint—and (ii) copies of the jury verdict and state court's judgment in the underlying State Court Action (defined below).  At most, these documents simply establish that Plaintiff holds six separate claims against Defendant arising from the State Court Action, but reflect nothing to satisfy Plaintiffs burden to prove the nondischargeability of these claims.  Furthermore, Plaintiff includes an affirmation from her counsel in support of the Motion, but the affirmation is not a proper vehicle for stating the undisputed material facts and must be disregarded.[1]

2.      Second, Plaintiff's entire motion is premised on—and necessarily rises and falls on—the application of collateral estoppel to the so-called "intentional tort" awards obtained in the State Court Action.  However, as shown below, Plaintiff has failed to satisfy the requirements for application of collateral estoppel in this case.  Indeed, a review of the State Court jury instructions reveals that the jury's findings on the each of the claims awarded do not correspond to (and therefore do not  satisfy) the standards for willful and malicious injury required for

---

[1]     *See Ades v. 57th St. Laser Cosmetica, LLC*, 2013 U.S. Dist. LEXIS 79864, at *9 n.2 (S.D.N.Y. June 6, 2013) ("Although some of the statements in the affirmation of the defendants' attorney contain citations to certain documents, the affirmation is not a proper vehicle for complying with Local Civil Rule 56.1. Moreover, most statements made in the affirmation are matters about which the defendants' attorney has no personal knowledge and, as a consequence, those statements should not be included in the affirmation.") (emphasis added); *see also Union Ins. Soc'y of Canton, Ltd. v. William Gluckin & Co.*, 353 F.2d 946, 952 (2d Cir. 1965) (statements contained in an affirmation "which are not based upon personal knowledge will not be considered by the court.").

nondischargeability under Bankruptcy Code section 523(a)(6).  Moreover, the State Court's jury charge contained alternative instructions that could be used by the jury to reach its respective liability and damage awards, including instructions that would establish liability based on mere negligent or reckless conduct—conduct that, by any measure, does not satisfy the willful and malicious requirements of section 523(a)(6).[2]  However, nothing in the actual jury verdict or the court's judgment (the only record documents Plaintiff filed to support her Motion) indicates which of the alternative instructions the jury verdicts were based on.  As such, it is impossible for Plaintiff to establish on summary judgment that the issues to be decided in this nondischargeability action are "identical" to issues "necessarily decided" in the State Court Action.  Therefore, the State Court Judgment cannot be given preclusive effect in this proceeding.

3.      Finally, under the unique circumstances of Plaintiff's filing of the Motion prior to the close of discovery, and lack of record evidence cited in the Motion, Defendant respectfully submits that her Cross-Motion should be granted and summary judgment should be entered in her favor.  Plaintiff has indicated she will not be conducting further discovery by filing the Motion before the end of the discovery cutoff deadline on February 15, 2016.  As a result, and by merely attaching the jury verdict and judgment from the State Court Action, Plaintiff has indicated that her case will be based entirely on those two documents.  As shown below, Plaintiff's evidence is insufficient to meet the elements for nondischargeability under section 523(a)(6), and summary judgment should be entered in favor of Defendant.

---

[2]  *Kawaauhua v. Geiger*, 523 U.S. 57, 63 (1998) ("[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6).").

**Factual Background**

4.    On May 5, 2009, Defendant filed a complaint against Unitransfer New York Inc.

and Roselain Duclair in the Supreme Court of the State of New York (the "State Court Action"),

asserting causes of action for unlawful imprisonment and negligence arising from an incident

that occurred on the premises of Unitransfer Bank on March 9, 2007.  On August 18, 2009,

Plaintiff filed a verified answer with counterclaims, asserting causes of action against Defendant

for false imprisonment, false arrest, malicious prosecution, and intentional infliction of emotional

distress.  On February 1, 2012, after a jury trial, the jury in the State Court Action awarded

Plaintiff six separate awards, as follows:

(i)     Compensatory Damages for False Imprisonment ($35,000.00)

(ii)    Punitive Damages for False Imprisonment ($50,000.00)

(iii)   Compensatory Damages for Malicious Prosecution ($50,000.00)

(iv)    Punitive Damages for Malicious Prosecution ($65,000.00)

(v)     Compensatory Damages for Intentional Infliction of Emotional Distress ($35,000.00)

(vi)    Punitive Damages for Intentional Infliction of Emotional Distress ($65,000.00)

Jury Verdict, attached as **Schedule 1** to the *Declaration of Scott K. Rutsky in Support of*

*Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment and*

*Defendant's Cross-Motion for Summary Judgment* (the "Rutsky Declaration").  On February 14,

2012, the Supreme Court of New York entered judgment against Defendant consistent with the

jury's verdict (the "State Court Judgment").

**Standard of Review**

5.    Rule 56 of the Federal Rules of Civil Procedure (the "FRCP"), made applicable

by Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), provides

in pertinent part that "[t]he court shall grant summary judgment if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court's task is "to determine whether a genuine issue as to any material fact exists, not to resolve any factual issues." *In re Hanna*, 163 B.R. 918, 922 (Bankr. E.D.N.Y. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986)).  The court must look to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding a motion for summary judgment.  *Celotex*, 477 U.S. at 322.  However, Fed. R. Civ. P. 56 does not impose an obligation on a court to perform an independent review of the record.  *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002).  Factual inferences and ambiguities are drawn in a light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Ford v. McGinnis*, 352 F.3d 582, 587 (2d Cir. 2003).

6.      The initial burden rests on the moving party to demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323; *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003).  A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Objection

### A.  The Motion Should be Dismissed as Procedurally Deficient

7.      The Motion should be dismissed for failing to meet the requirements of both FRCP Rule 56(c)(1), as adopted by Bankruptcy Rule 7056, and the requirements of Rule 7056-1 of the E.D.N.Y. Local Bankruptcy Rules (the "Local Rules").  Specifically, Plaintiff has failed to (i) support her assertions in the Motion by citing to particular relevant materials in the record and (ii) submit a statement of undisputed material facts.  FRCP Rule 56(c) provides that "[a] party

asserting that a fact cannot be or is genuinely disputed <u>must support the assertion by: citing to particular parts of materials in the record</u>." (emphasis added).  Separately, Local Rule 7056-1 provides that "[a] motion for summary judgment pursuant to Bankruptcy Rule 7056 shall include a separate statement of the material facts as to which the moving party contends there is no genuine issue to be tried.  <u>Failure to submit such a statement may be grounds for denial of the motion</u>. . . .  Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." (emphasis added).

8.      Here, Plaintiff merely attaches a copy of her adversary complaint filed in this action, the jury verdict and judgment from the State Court Action, and includes a self-serving affirmation from her attorney.  The adversary complaint is insufficient to meet the requirements of Local Rule 7056-1 as it is contains numerous allegations which, as relevant to the factual findings necessary to satisfy Plaintiff's burden in this 523(a)(6) action, Defendant disputes in her answer [ECF No. 10].  Furthermore, Plaintiff's counsel's affirmation is not a proper vehicle to state the undisputed material facts as it is not based on personal knowledge.[3]  Accordingly, Plaintiff cannot seriously contest that there are genuine issues of material facts that render summary judgment inappropriate.[4]  To the extent this Court construes Plaintiff's attached

---

[3]  *See Ades v. 57th St. Laser Cosmetica, LLC*, 2013 U.S. Dist. LEXIS 79864, at *9 n.2 (S.D.N.Y. June 6, 2013) ("Although some of the statements in the affirmation of the defendants' attorney contain citations to certain documents, <u>the affirmation is not a proper vehicle for complying with Local Civil Rule 56.1</u>. Moreover, most statements made in the affirmation are matters about which the defendants' attorney has no personal knowledge and, as a consequence, those statements should not be included in the affirmation.") (emphasis added); *see also Union Ins. Soc'y of Canton, Ltd. v. William Gluckin & Co.*, 353 F.2d 946, 952 (2d Cir. 1965) (statements contained in an affirmation 'which are not based upon personal knowledge will not be considered by the court.').

[4]  Curiously, Plaintiff does not cite to the jury charges. These charges reveal, however, that Plaintiff does not meet the standard for nondischargeability under section 523(a)(6).

adversary complaint as a statement of material facts (which Defendant submits it should not),[5] Defendant's response is attached hereto as **Exhibit A**.

9.      Furthermore, while Plaintiff attaches copies of the jury verdict and judgment against Defendant, these documents merely  show that Plaintiff was awarded  six separate claims against Defendant:

(i)    Compensatory Damages for False Imprisonment ($35,000.00)

(ii)   Punitive Damages for False Imprisonment ($50,000.00)

(iii)  Compensatory Damages for Malicious Prosecution ($50,000.00)

(iv)   Punitive Damages for Malicious Prosecution ($65,000.00)

(v)    Compensatory Damages for Intentional Infliction of Emotional Distress ($35,000.00)

(vi)   Punitive Damages for Intentional Infliction of Emotional Distress ($65,000.00)

Rutsky Declaration, Schedule 1, Jury Verdict.

10.      To be clear, Defendant does not dispute that Plaintiff has six claims against Defendant pursuant to the State Court Judgment.  However, as explained below, these documents are  wholly  insufficient  for  Plaintiff  to  meet  her  burden  to  show  that  her  claims  are nondischargeable as  arising from willful and malicious injury caused by Defendant pursuant to Bankruptcy Code section 523(a)(6).  Indeed, nothing in those documents contains any facts indicating the bases upon which the jury rendered their verdict.  Accordingly, because Plaintiff

---

[5]    Plaintiff's counsel is an experienced litigator.  Thus, even assuming that he does not regularly practice before the bankruptcy court, that is not an excuse for failing to review and comply with the both the Bankruptcy Rules and Local Rules, to the detriment of Defendant.  Even *pro se* litigants must comply with procedural and substantive rules of law.  *Colo. Capital v. Owens*, 227 F.R.D. 181, 186 (E.D.N.Y. 2005) (where even a pro se plaintiff was still "required to comply with the relevant procedural and substantive  rules  of  law"  (citing  *Traguth v. Zuck*,  710 F.2d 90, 95 (2d Cir. 1983)));  *see Cobalt Multifamily Investors I, LLC v. Arden*, 857 F. Supp. 2d 349, 356 (S.D.N.Y. 2011) (observing that even pro se litigants must comply with procedural rules).

has failed to cite to any evidence of undisputed facts that would support her Motion, it should be denied.

11.    Nonetheless, even if the Court should find that the Motion can survive the foregoing procedural defects, the Motion should be denied because, as shown below, (i) Defendant is not collaterally estopped by the State Court Judgment from litigating the issues of "willfulness" and "malice" within the meaning of Bankruptcy Code section 523(a)(6), and (ii) genuine issues of material facts exist.

**B. Plaintiff's Motion Fails to Satisfy  the Requirements for Application of Collateral Estoppel**

12.    As a threshold matter, it is not entirely clear that Plaintiff is actually arguing that the findings in the State Court Action should be given collateral estoppel effect with respect to the findings this Court is required to make on the issues of "willful" and "malicious" injury under Bankruptcy Code section 523(a)(6).  Indeed, Plaintiff merely asserts that Defendant is estopped from collaterally attacking the State Court Judgment in this Court.  Motion ¶ 17.

13.    To be clear, Defendant does <u>not</u> object to or seek to use this proceeding to appeal or collaterally attack the State Court Judgment as general unsecured claims in this chapter 7 case. Rather, what is at issue before this Court is whether the State Court Judgments are debts "for willful and malicious injury by the debtor" that are nondischargeable within the terms of Bankruptcy Code section 523(a)(6).  Stated differently, the root issue in this proceeding is whether the six claims awarded in the State Court Action are dischargeable or nondischargeable; Defendant is not objecting to the claims, but only to the assertion that the claims are nondischargeable.  As such, Plaintiff's statement that Defendant is collaterally estopped from attacking the State Court Judgments should be ignored as irrelevant to the issue at hand.  *See Drake v. City of Ft. Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("[T]he court will not

construct arguments or theories for the [pro se] plaintiff in the absence of any discussion of those issues.").[6] For this reason alone, the Motion should be denied.

14.    However, even if Plaintiff's statement in paragraph 17 of the Motion is construed by this Court to be an argument that Defendant is collaterally estopped by the State Court Judgment from litigating the issues of "willfulness" and "malice" under Bankruptcy Code section 523(a)(6), Plaintiff has failed to carry her burden—collateral estoppel is simply inapplicable with respect to the nondischargeability issues germane to this proceeding.

I.    <u>Requirements for Application of Collateral Estoppel</u>.

15.    Under New York law,[7] collateral estoppel applies only where (1) the issue is identical to an issue "necessarily decided" in the prior action, and (2) "the litigant had a 'full and fair opportunity' to litigate the issue." *Conte v. Justice*, 996 F.2d 1398, 1400 (2d Cir. 1993). As the Second Circuit Court of Appeals articulated in outlining the basic collateral estoppel doctrine in the New York state courts: "[T]he court must determine whether the issue sought to be litigated is identical to an issue necessarily decided in the prior action and decisive on the present action." *Id.* (citing *Schwartz c. Public Adm'r of Bronx*, 24 N.Y.2d 65, 71 (1969)). The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues and the necessity of their having been decided. *State of New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997).

---

[6]    Because Plaintiff is represented by counsel, the Court should only address the arguments Plaintiff actually presents the Court. *See Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002).

[7]    State law rules of preclusion apply to determine the preclusive effects of a state court judgment. *De Curtis v. Ferrandina (In re Ferrandina)*, 533 B.R. 11, 22 (Bankr. E.D.N.Y. 2015).

II.   The Issues in this Nondischargeability Action are not "Identical" to the Issues in the State
      Court Action nor were they "Necessarily Decided."

      16.    Under the first prong of the collateral estoppel analysis, this Court must determine
(i) whether the issues in the State Court Action were identical to the issues to be decided under
section 523(a)(6), and (ii) even if they were, were they necessarily decided in the State Court
Action.  This Court must decide whether the State Court Judgments on their face and without
further inquiry are excepted from discharge under section 523(a)(6) as debts for "willful" and
"malicious" injury caused by the debtor.  11 U.S.C. § 523(a)(6).  To be nondischargeable, the
State Court jury must have found Defendant's actions to be willful and malicious under
definitions of those terms adopted by bankruptcy jurisprudence.  Simply finding "willful" or
"malicious" behavior under different definitions that set lesser standards is not sufficient.
Moreover, the tortious conduct must be both "willful" _and_ "malicious."  The test under section
523(a)(6) is conjunctive, not disjunctive.

      17.    Willfulness under Section 523(a)(6).  In _Kawaauhua v. Geiger_, 523 U.S. 57, 61
(1998), the Supreme Court held that the element of willfulness under section 523(a)(6) requires
the injury to be "a deliberate or intentional _injury,_ not merely…a deliberate or intentional _act_ that
leads to injury."  _Id._ at 61 (emphasis in original).  Furthermore, reckless or negligent conduct will
not satisfy the "willful" element of section 523(a)(6).  _Id._  Moreover, this court must look to the
subjective intent of the debtor to determine whether the injury caused was "willful": "[I]f a
debtor believes that an injury is substantially certain to result from his conduct, the debtor will be
found to have possessed the requisite intent to injure required under _Geiger_."[8]  Put simply,
Plaintiff must prove that Defendant deliberately sought to injure Plaintiff.  Reckless or negligent

---

[8]   _De Curtis_, 533 B.R. at 26.

conduct that resulted in injury to Plaintiff does not rise to the level of willfulness under Section 523(a)(6). *See Geiger*, 523 U.S. at 61.

18.    <u>Malice under Section 523(a)(6)</u>.  The Second Circuit has defined the element of malice under section 523(a)(6) to be "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill will."[9]  Malice may be implied "when anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another."[10]  While punitive damage awards may be suggestive of malicious conduct, the courts in the Second Circuit have found that punitive damages awards must be supported by detailed findings of a rendering court to be given preclusive effect to satisfy the elements of a section 523(a)(6) nondischargeability claim.[11]  The mere entry of a punitive damage award alone will not suffice.

19.    Plaintiff's entire argument rests on the faulty and conclusory assertion that the State Court Judgment is based on intentional, and not reckless or negligent conduct, and that intentional conduct is *per se* nondischargeable.[12]  To the contrary, intentional torts do <u>not</u> on their face satisfy the elements of a section 523(a)(6) nondischargeability claim.  Plaintiff cites to *Basile v. Spagnola (In re Spagnola)*, 473 B.R. 518 (Bankr. S.D.N.Y. 2012), as support for the

---

[9]    *In re Stelluti*, 94 F.3d 84, 87 (2d Cir. 1996).

[10]    *Voyatzoglou v. Hambley (In re Hambley)*, 329 B.R. 382, 402 (Bankr. E.D.N.Y. 2005) (quoting *United Orient Bank v. Green*, 215 B.R. 916, 928 (S.D.N.Y. 1997)).

[11]    *De Curtis*, 533 B.R. at 27 ("Bankruptcy courts in this circuit have concluded that an award of punitive damages, <u>supported by detailed findings of a rendering court</u>, can be given preclusive effect to satisfy the elements of a § 523(a)(6) nondischargeability claim." (emphasis added) (citations omitted)).

[12]    As discussed in paragraphs 23–34 below, Plaintiff's self-serving assertion that the State Court Action's jury awards were not based on reckless or negligent conduct is completely unsupported by the record. Indeed, the charge to the jury permitted a finding of liability and damages on multiple grounds, including reckless or negligent conduct, and nothing in the record shows on what basis the jury rendered its verdict.

proposition that "this type of intentional conduct is nondischargeable as compared to mere negligence or simple reckless conduct." Motion ¶ 14. However, the court in *Basile* came to the conclusion that the judgment against the debtor for sexual harassment satisfied the willful prong of section 523(a)(6) only <u>after</u> it conducted a detailed examination of the state court's findings and jury charge. *Basile*, 473 B.R. at 523–24 ("The Plaintiff, in this case, has met her burden by demonstrating that the Debtor acted willfully. The District Court expressly charged the jury with a definition of willfulness that is <u>almost identical</u> to the one provided by the Supreme Court in *Geiger*.") (emphasis added).[13] The court in *Basile* did not hold that, as a matter of law, intentional torts satisfy the requirements of section 523(a)(6) without looking into the underlying definitions of intent that support the tort. If Congress had intended this to be the case, they could have simply substituted the words "intentional torts" for the words "willful and malicious" in section 523(a)(6).

20.    In any event, as was the case in *Basile*, in determining whether to apply collateral estoppel courts must look to the trial transcript, jury instructions, and the specific findings of the court or jury. *See Rupert v. Krautheimer (In re Krautheimer),* 210 B.R. 37, 51 (Bankr. S.D.N.Y. 1997). As noted by Judge Grossman in *In re Goldberg*, 487 B.R. 112 (Bankr. E.D.N.Y. 2013), courts should not be glib in their application of collateral estoppel:

> "[A] thorough collateral estoppel analysis must be conducted. This Court has been very clear in prior decisions that when conducting a collateral estoppel analysis it reviews state court decisions strictly as they are written and will not interpret the prior decision so as to satisfy necessary elements of section 523(a) unless the prior findings are clear and unequivocal."

*Id.* at 118.

---

[13]  As discussed in paragraphs 23–34 below, the charge to the jury in the State Court Action was dramatically different and permitted a finding of liability for mere negligence or recklessness.

21.     Moreover, bankruptcy courts have found that the use of the term "willful" by a state court is not sufficient to show that a judgment is predicated upon a finding of "willful" and "malicious" injury as required under section 523(a)(6):

> "Although the state court judge may have intended the word willful to characterize conduct which under federal standards is both willful and malicious, nothing in the record makes this apparent.  Without specific findings of fact from the state court, this court cannot conclude that the state court judgment was predicated upon a finding of willful and malicious injury [as required under section 523(a)(6)]."

*In re Supple*, 15 B.R. 898, 905 (Bankr. Conn. 1981).

22.     Here, the state court jury instructions, verdict and judgment, in and of themselves, are insufficient to satisfy the requirements for collateral estoppel.  Furthermore, as shown below, the state court's jury charge reveals that the issues in the State Court Action were not "identical" to the issues of "willfulness" and "malice" under section 523(a)(6) here, nor were they "necessarily decided."   Perhaps it was not an oversight that Plaintiff failed to introduce the specific jury charges from the State Court Action—they reveal that that collateral estoppel does not apply in this case.

     *a.*   *The State Court Judgment of Malicious Prosecution.*

23.     The findings in the State Court Action of malicious prosecution were not identical to the elements or definitions of "willfulness" and "malice" as a matter of bankruptcy law. Under the State Court's jury instructions, to find Defendant liable for malicious prosecution, the jury had to find that (1) Defendant did not have probable cause to believe Plaintiff was guilty of unlawful imprisonment in the second degree, and (2) Defendant acted maliciously.  *See* Rutsky Declaration, Schedule 3, Charge & Verdict Tr. 14:04–25 [hereinafter Charge & Verdict Tr.].

24.     To find Defendant did not have probable cause, the jury had to find <u>only one</u> of the following:

(1) the facts did not appear to Defendant as she claims;

(2) Defendant was not reasonable in her beliefs as to the facts; or

(3) Defendant was not reasonable in her belief that Plaintiff committed the crime of unlawful imprisonment.

Charge & Verdict Tr. 13:05–20.  To find that Defendant acted maliciously, the jury had to find <u>only one</u> of the following:

(1) Defendant did not have probable cause for believing that Plaintiff was guilty at the time Jerome initiated the prosecution,

(2) Defendant gave a false statement of the facts to the district attorney, or

(3) Defendant testified falsely before the criminal trial.

Charge & Verdict Tr. 14:05.  None of the foregoing pertain to the definition of "willfulness" under section 523(a)(6), which requires a showing that Defendant "believes that an injury is substantially certain to result from her conduct."[14]

25.     Even if one possible finding implies "willfulness" or "malice" under section 523(a)(6), given the lesser alternative standards by which the jury could find liability, the jury award most certainly was not necessarily decided as required to apply collateral estoppel.  For example, the jury could have found that Defendant did not have probable cause to believe that Plaintiff was guilty of unlawful imprisonment and acted "maliciously" by only finding that Defendant was not <u>reasonable</u> in her beliefs as to the facts.  Unreasonableness is quintessentially

---

[14]  *De Curtis*, 533 B.R. at 26.

a negligence standard, and insufficient to satisfy the elements of section 523(a)(6),[15] which requires a showing that (i) Defendant deliberately sought to injure Plaintiff and (ii) Defendant's conduct was wrongful and without just cause. <u>There is nothing in the State Court record that shows which one of the three alternative definitions were accepted by the jury as a prerequisite to its verdict.</u>

26.     Similarly, even if one of the possible findings for the element of malice in the state court action for malicious prosecution was identical to the element of malice under 523(a)(6), it was not necessarily decided.  It was not necessary for the jury to find that Defendant either gave a false statement of the facts to the district attorney, or testified falsely before the criminal trial.  The finding of malice could have been supported by a finding that Defendant did not have probable cause for believing that Plaintiff was guilty at the time Jerome initiated the prosecution—which could have been supported by any of the following three findings that do not pertain to malice:  (1) the facts did not appear to Defendant as she claims, (2) Defendant was not reasonable in her beliefs as to the facts, or (3) Defendant was not reasonable in her belief that Plaintiff committed the crime of unlawful imprisonment.  Thus, similar to *Supple*, where the bankruptcy court found no identity of issues for purposes of 523 even when the state court used

---

[15] *See* N.Y. PATTERN JURY INSTRUCTIONS CIVIL 2:10 (3d ed. 2000) ("Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances."); *Geiger*, 523 U.S. at 63 ("[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6).").

the term "willful," here, the State Court's use of "malice" conflicts with the definition of malice under section 523(a)(6).[16]

       *b.  The State Court Judgment of False Imprisonment.*

27.    The issues in the State Court Action for false imprisonment were also not identical to the elements of "willfulness" and "malice" as a matter of bankruptcy law.  To find Defendant liable for false imprisonment, the jury had to find that Defendant had no probable cause to have Plaintiff incarcerated.  Charge & Verdict Tr. 10:09–13.  No further instructions were given to the jury.  Even assuming that the jury used the definition of "probable cause" under the malicious prosecution count to guide its finding, it is insufficient to meet the requirements of section 523(a)(6).  The definition of probable cause under Malicious Prosecution provides that the jury had to find any one of the following to support a finding of no probable cause: (1) the facts did not appear to Defendant as she claims, (2) Defendant was not reasonable in her beliefs as to the facts, or (3) Defendant was not reasonable in her belief that Plaintiff committed the crime of unlawful imprisonment.  Charge & Verdict Tr. 13:05–20.  None of the findings pertain to malice or willfulness as required under section 523(a)(6), which requires a showing that (i) Defendant deliberately sought to injure Plaintiff and (ii) Defendant's conduct was wrongful and without just cause.

       *c.  The State Court Judgment of Intentional Infliction of Emotional Distress.*

28.    Plaintiff also fails to cite to any evidence showing that the issues decided in the State Court Action with respect to intentional infliction of emotional distress are the same as the

---

[16] *See Supple*, 15 B.R. at 905; *see also Rupert*, 210 B.R. at 54 ("The question is not whether these instructions were correct under New York law, but whether they demonstrate that the jury 'necessarily decided' that [the debtor] was guilty of "willful and malicious injury' to Rupert when the jury found [the debtor] liable for tortious interference.").

issues before this Court under section 523(a)(6) and that they were necessarily decided.  Instead, Plaintiff relies upon her adversary complaint, the jury verdict, and judgment entered in the State Court Action.  As mentioned, in deciding whether to apply collateral estoppel, courts must look to the trial transcript, jury instructions, and the specific findings of the court or jury.  *See Rupert v. Krautheimer (In re Krautheimer),* 210 B.R. 37, 51 (Bankr. S.D.N.Y. 1997).  Moreover, courts have gone so far as to grant summary judgment for the defendant and dismiss a plaintiff's complaint where the plaintiff has indicated that they will rely upon conclusory allegations at trial.  *See One Course Envt'l, LLC v. M + W Zander, Inc.*, 2015 U.S. Dist. LEXIS 157338, at *43 (D. Vt. Nov. 20, 2015) (granting defendant summary judgment where plaintiff relies on "nothing more than conclusory allegations").

> ### d.  *The State Court Judgment of Punitive Damages.*

29.    The award of punitive damages does not by itself satisfy the elements of section 523(a)(6).  *See E.L. Hamm & Assocs., Inc. v. Sparrow (In re Sparrow)*, 306 B.R. 812, 845 (Bankr. E.D. Va. 2003) (finding that while punitive damages were awarded under Virginia caselaw, the findings that supported the award of punitive damages were insufficient to meet the requirements of section 523(a)(6)); *Doughty v. Hill (In re Hill)*, 265 B.R. 270, 277 (Bankr. M.D. Fla. 2001).  To the contrary, an award of punitive damages is insufficient to meet the requirements of section 523(a)(6) where such award could have been based on gross negligence or recklessness.  *See Sparrow,* 306 B.R. at 845.

30.    Here too, the instructions to the jury for the award of damages provided that punitive damages can be awarded if Defendant's conduct (1) was motived by hatred, ill will or spite; (2) was in willful disregard of the rights of Plaintiff; or (3) was reckless or wanton.  Rutsky Declaration, Schedule 4, Damages Trial Charge Tr. 6:08–18.  There is no indication in the record

to show which one of the three alternative instructions was relied upon by the jury.  The award of punitive damages for each of the three claims against Defendant could have been based solely on a finding of reckless conduct—which is insufficient to meet the requirements of section 523(a)(6) as the Supreme Court explained in *Geiger*, 523 U.S. at 63 ("[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."). Therefore, the issues decided by the jury in awarding punitive damages are not identical to the issues under section 523(a)(6).  Moreover, the punitive damage awards are not supported by detailed findings of fact, and therefore cannot be given preclusive effect.[17]

31.    Moreover, a claim for punitive damages cannot exist if the underlying claim is discharged.  No separate cause of action for punitive damages exists under New York law— punitive damages may only be recovered if they are available upon establishing the underlying claim.  *In re Pfohl Bros. Landfill Litig*., 26 F. Supp. 2d 512, 548 (W.D.N.Y. 1998); *Porter v. Allstate Ins. Co.*, 184 A.D.2d 685, 686 (N.Y. App. Div. 2d Dep't 1992) ("[A] demand for punitive damages may not constitute a separate cause of action for pleading purposes.").  As demonstrated above, each of the underlying claims are dischargeable.  Because punitive damages must always be bundled with an underlying claim, the discharge of the underlying claim eliminates the foundation upon which the punitive damages award rests.  Therefore, not only are the punitive damage claims independently dischargeable, they are derivatively dischargeable because they flow from dischargeable underlying claims.

---

[17]  *De Curtis*, 533 B.R. at 27.

III.    Application of Collateral Estoppel in the Circumstances of this Case Would Be

        Draconian and Contrary to the Principles Underlying the Bankruptcy Code.

32.    The doctrine of collateral estoppel is also "grounded on concepts of fairness and should not be rigidly or mechanically applied." *Sokol*, 113 F.3d at 306 (citing *D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 664 (1990)). Notably, the New York Court of Appeals explained:

> In the end the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results. No rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings.

*Staatsburge Water Corp. v. Staatsburg Fire Dist.*, 72 N.Y.2d 147, 153 (1988).

33.    The underlying "fresh start" policy of the Bankruptcy Code counsels against application of collateral estoppel here to foreclose Defendant from litigating issues affecting discharge—especially where Plaintiff has failed to present any evidence that the issues of willfulness and malice identical to the elements of section 523(a)(6) were necessarily decided in the State Court Action. Indeed, as the court in *Rupert v. Krautheimer (In re Krautheimer)*, 210 B.R. 37, 55 (Bankr. S.D.N.Y. 1997) noted, "[t]his Court is precluded from drawing inferences from the record for summary judgment purposes. . . . 'impressionistic characterizations of the jury verdict are not substitutes for compliance with the specific conditions required to invoke collateral estoppel in the Second Circuit.'" (quoting *In re Tobman*, 107 B.R. 20, 24 (S.D.N.Y. 1989)). Notably, in *Rupert*, the creditor failed to show that the elements of a state law claim for tortious interference with contract were the same as the elements for a claim under section 523(a)(6). *Id*. at 57. Furthermore, even if the elements were the same, the Court noted that "the trial judge's instructions to the jury conflicted with section 523(a)(6) in material respects and, in

addition, were sufficiently broad as to enable the jury to hold [the debtor] liable for the tort without the findings of fact necessary to support a claim of nondischargeability as a matter of bankruptcy law." *Id.* In so finding, the court in *Rupert* vacated its order granting summary judgment.

34.     Here, Plaintiff attaches a copy of the jury verdict and judgment from the State Court Action. Rutsky Declaration, Schedule 1, Jury Verdict; Rutsky Declaration, Schedule 2, State Court Judgment. As in *Rupert*, impressionist characterizations of the jury verdict are not substitutes for compliance with the specific requirements of collateral estoppel—especially where the issue here concerns one of the few exceptions Congress provided to the Bankruptcy Code's "fresh start" policy. Furthermore, the judgment in the State Court Action provides no support for the contention that the elements of the three separate state law claims were the same as the elements for a claim under section 523(a)(6). Lastly, as shown above, the trial judge's instructions to the jury conflicted with section 523(a)(6). *See supra* ¶¶ 23–30. Because Plaintiff has failed to meet her burden for the application of collateral estoppel, the Court should deny the Motion.

## C. Genuine Issues of Material Facts Exist

35.     Plaintiff has failed to meet her initial burden of showing that no genuine issue of material fact exists. *See Celotex*, 477 U.S. at 323; *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). Notably, Plaintiff has even failed to provide the Court with a statement of undisputed material facts as required by Local Rule 7056-1, nor has Plaintiff cited to any material evidence supporting any facts that would satisfy the elements of willfulness and malice under section 523(a)(6). Plaintiff's mere citation to the jury verdict and judgment is insufficient to meet her burden to demonstrate that Defendant's conduct was willful and malicious. All the State Court awards show is that Plaintiff has six claims against

Defendant—nothing more.  Importantly, the Court is precluded from drawing inferences from the jury verdict and judgment for summary judgment purposes.  *Rupert*, 210 B.R. at 51.

36.    As shown above, the state court's instructions to the jury do not correspond to the elements of willfulness and malice under section 523(a)(6).  Tellingly, Defendant's liability for malicious prosecution and false imprisonment could have been based on a jury finding that Defendant was not reasonable in her beliefs as to the facts—a finding of negligence which the Supreme Court has held is insufficient to satisfy the elements of section 523(a)(6).  *Geiger*, 523 U.S. at 63 ("[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6).").  Such ambiguities in the State Court Action must be drawn in the light most favorable to Defendant.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Ford v. McGinnis*, 352 F.3d 582, 587 (2d Cir. 2003).  Because genuine issues of material fact exist, the Motion should be denied.

## D.  Defendant is Entitled to Summary Judgment in Her Favor

37.    Defendant is entitled to summary judgment in her favor pursuant to FRCP Rule 56(f) because (1) Plaintiff has failed to present sufficient evidence to support the elements of a claim under section 523(a)(6), and (2) by filing the Motion before discovery has closed pursuant to the Amended Pretrial Scheduling Order, which closes on February 15, 2016,[18] Plaintiff has indicated that she has no further discovery to conduct and will rely on her complaint and the State Court Action jury verdict and judgment at trial.  As discussed above, such evidence, as a matter of law, is insufficient to meet the elements of section 523(a)(6).  Indeed, courts have granted summary judgment in favor of a defendant where a plaintiff chooses to stand on unsupported allegations:  "The Court is amply justified in finding and concludes that plaintiff has

---

[18]   Amended Pretrial Scheduling Order ¶ 4, ECF No. 12.

declined the opportunity to depose [defendant] and has chosen instead to stand on the unsupported allegations of the amended complaint, claiming that these allegations and the 'questions' plaintiff's counsel now raises are enough to preclude summary judgment."[19] Accordingly, Defendant is entitled to summary judgment in her favor because, in the procedural posture Plaintiff has chosen to pursue, there is no genuine need for a trial.[20]

   **WHEREFORE** Defendant respectfully requests the Court to (i) grant Defendant's Objection, (ii) deny the Motion, (iii) grant Defendant's Cross-Motion and summary judgment in Defendant's favor, and (iv) grant Defendant such other and further relief as is just.

Dated: February 2, 2016
New York, New York

        **PROSKAUER ROSE LLP**

        By: /s/ Scott K. Rutsky
        Michael P. Kessler (*admitted pro hac vice*)
        Scott K. Rutsky
        Timothy Q. Karcher
        Eleven Times Square
        New York, New York 10036
        Tel: (212) 969-3000
        Fax: (212) 969-2900

        *Pro Bono Attorneys for Defendant, Marie Jerome*

---

[19] *See Moss v. Morgan Stanley, Inc.*, 553 F. Supp. 1347, 1364–65 (S.D.N.Y. 1983); *see also One Course Envt'l, LLC v. M + W Zander, Inc.*, 2015 U.S. Dist. LEXIS 157338, at *43 (D. Vt. Nov. 20, 2015) (granting defendant summary judgment where plaintiff relies on "nothing more than conclusory allegations").

[20] "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Moss*, 553 F. Supp. at 1365 (citing Advisory Committee note to FRCP Rule 56).